ANTONIO MARSHALL vs. AMOS GRAY.

PROVIDENCE—DECEMBER 23, 1904.

PRESENT: Tillinghast, C. J., Douglas and Dubois, JJ.

(1)  *Trustee Process.   Affidavit by Trustee.*

No person other than the trustee named in a writ, where the trustee is an individual, is authorized to make the affidavit required by the provisions of Gen. Laws cap. 254, § 10.

(2)  *Trustee's Affidavit.   Garnishment.*

The affidavit of a trustee under the provisions of Gen. Laws cap. 254, § 10, must be filed within the statutory time, and the court has no authority to extend the time fixed by the statute.

(3)  *Charging Trustee.   Garnishment.*

The court is not authorized to charge a trustee upon his default to make affidavit, but his liability is statutory under Gen. Laws cap. 254, § 20.

ASSUMPSIT.   Heard on exceptions to ruling of District Court.   First exception sustained.

TILLINGHAST, C. J.   Two questions are presented for our decision by the first exception in the plaintiff's bill of exceptions in this case, viz.: 1. Can a person other than the trustee named in the writ make the statutory affidavit required of such trustee?   And, 2, can a trustee file an affidavit, after the statutory time for doing so has elapsed, and thereby relieve himself from liability?

(1)   We think that both of these questions must be answered in the negative.

Gen. Laws, cap. 254, § 10, provides that: "Whenever a copy of a writ shall have been left for the purpose of attaching the personal estate of the defendant in the hands or possession of any person, copartnership or corporation, as trustee, such person, or any member of such copartnership, or any officer of such corporation, shall render an account in writing, upon oath, to the court to which such writ is returnable, of what estate such person, copartnership or corporation, respectively, had in his or its hands or possession at the time such writ was

served, if any; or if he or it had none, either directly or in-directly, shall return such fact in writing, under oath, to such court. Such account shall be filed, in any District Court, on or before the entry-day of the case, or within the period of six days after such entry-day; and in any other court on or before the assignment day of the case."

Under this statute we think it is clear that when a plaintiff seeks to attach the personal estate of a defendant in the hands or possession of any *person,* the writ must be duly served upon such person, and also that "*such person*" shall make the required affidavit. If the account to be rendered is made by some other person we fail to see how the trustee or such other person could be held liable either civilly or criminally for making a false affidavit. See section 19.[1]

Again, under section 12 of said chapter, either party may ex-amine the person making oath, &c., and such person shall answer the interrogatories under oath. And in section 13, "if it shall appear by the disclosure of the person making such oath," &c., that the person served had any of the personal estate of defendant in his hands, &c., then the plaintiff, after having recovered judgment against the defendant, may bring his action against *such person,* &c. All of these provisions, together with those contained in sections 18, 19, 20, 22, 23, 25, and 29, of said chapter, clearly show that the only person who can make the affidavit required by the statute is the person whom it is sought to charge as trustee of the defendant. Moreover, if the General Assembly had intended to allow any other person to render on oath the account required, they would doubtless have said so, as they did in cases in which the trustee is a corporation. See section 10, *supra.* There, any officer of the corporation is authorized to make the affidavit. *Duke* v. *Locomotive Works,* 11 R. I. 599.

In issuing writs of attachment under Gen. Laws R. I. cap. 252, § 11, the affidavit required may be made either by the

---

[1] Gen. Laws R. I. cap. 254, § 19: "Any person summoned as trustee of a defendant making a false answer or affidavit in any case, shall be liable to the plaintiff in an action of the case for any damages which may result to him from such false answer or affidavit."

plaintiff or by his agent or attorney. But here the statute has limited the making thereof to the person named as trustee. And the entire proceeding being a statutory one—*Raymond* v. *Tinware Co.*; 14 R. I. 310; *Leonhard* v. *Hope & Sons*, 21 R. I. 449; *McKenna* v. *Lucas, ib.*, 509—can not be enlarged or modified by the court, but must be governed solely by the language used, when that language is plain and unambiguous as it is in relation to the matter now before us. *Whitaker* v. *Bliss*, 23 R. I., at p. 316. Nor does the fact set out in the affidavit of the trustee, filed on November 25, 1904 (which we will refer to later), viz.: "That my bookkeeper and clerk, Joseph McCormick, Jr., was authorized to make affidavit to the above facts by me, and has already so made affidavit," alter the case at all; for, as the affidavit could only be made by Joseph McCormick, it was not in his power to confer any authority upon any other person to make it. The affidavit filed by Joseph McCormick, Jr., therefore, was a nullity, and, this being so, it was incapable of being vitalized by adoption.

(2) As to the second question above propounded, we are of opinion, as already stated, that it must be answered in the negative.

The statute provides that the sworn account required of the trustee shall be filed "in any district court, on or before the entry-day of the case, or within the period of six days after such entry-day." And we know of no authority which that court has to extend the time thus fixed for the filing of such account. The entry-day in the writ before us was October 21, 1904. The affidavit made by Joseph McCormick, Jr., was filed October 21, 1904, and the case was defaulted on November 11th next following, and judgment rendered for the plaintiff. The affidavit made by the trustee was filed on November 25, 1904, which was not within the time limited by statute. The bill of exceptions which is now before us was allowed on the same day. The first mentioned affidavit being a nullity, as already suggested, had no effect; and the second affidavit, not being filed within the statutory period, was also a nullity, and hence without effect.

Had the first affidavit been filed by the trustee, the court

could doubtless have permitted him, for cause shown, to file a supplemental affidavit thereafterwards. See *Cross* v. *Brown, Steese & Clarke,* 19 R. I. pp. 251–2. But in order to constitute it a supplemental affidavit there must have been an original one made by the trustee and filed within the statutory period, which was not the case here. So that the result is that no statutory affidavit was filed in the case, and hence the ruling of the court that the trustee's affidavit was sufficient in law was erroneous.

(3)    The second exception is overruled. The statute does not authorize the court to charge a trustee upon his default to make affidavit. *Eddy* v. *Prov. Machine Co.,* 15 R. I. 7. His liability in such case is determined by statute. See section 20 of said chapter 254.

Whether the trustee named in the writ can relieve himself from liability on account of his neglect to file the affidavit required, as hereinbefore stated, under the provisions of Gen. Laws R. I. cap. 256, § 21, we are not now called upon to decide.

The first exception is sustained and case remanded to the District Court of the Seventh Judicial District for further proceedings, in accordance with this opinion.